UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

HUMBERTO LOPEZ,

                              Debtor,

JOSE GAMEZ,

                              Appellant,

     -against-

HUMBERTO LOPEZ,

                              Appellee.

------------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 22-2379 (GRB)

FILED
CLERK
11:56 am, Mar 09, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

       Pending before the Court is an appeal by Jose Gamez ("Gamez" or "appellant") from an Order dated April 18, 2022 of the Honorable Alan S. Trust, United States Bankruptcy Judge, denying the motion of appellant to reopen the Chapter 7 proceeding of debtor Humberto Lopez ("Lopez" or "appellee") in order to administer certain real property and to issue a stay of all state court proceedings pertaining to the property. At issue in the appeal is whether, under 11 U.S.C. § 350(b), the Bankruptcy Court erred by finding that cause did not exist to reopen where the appellee's bankruptcy case had been closed for nearly sixteen years, reopening the case would not result in the administration of any asset for the benefit of the creditors of the estate, and the real property at issue has been the subject of litigation in the New York state courts for over a decade. For the reasons that follow, the Court affirms the Bankruptcy Court's decision in all respects and dismisses the appeal.

**BACKGROUND**

       The following facts and procedural history are derived from the bankruptcy record on

appeal.

On July 18, 2005, Milton Markowitz and Rene Markowitz deeded real property located at 99 Jerusalem Avenue, Levittown, New York (the "subject property") to Gamez. Docket Entry ("DE") 2 at 139-40.

On August 26, 2005, Lopez filed a voluntary petition under Chapter 7 of the Bankruptcy Code, along with his bankruptcy schedules and statement of financial affairs. DE 2-1 at 1. In Schedule A, entitled "Real Property," Lopez did not list any real property owned by him. DE 2 at 40. In Schedule F, entitled "Creditors Holding Unsecured Nonpriorty Claims," Lopez listed several creditors. *Id*. at 49-50. Appellant was not included as a creditor. *Id*. Kenneth Silverman was appointed trustee of the bankruptcy estate. DE 1-4 at 1-2. On October 11, 2005, the Trustee reported that the estate had no non-exempt property to distribute, certified under Fed. R. Bankr. P. 5009 that the estate had been fully administered and requested a discharge. *Id*. By Order dated January 25, 2006, United States Bankruptcy Judge Melanie L. Cyganowski granted Lopez a discharge under Chapter 7 and closed the case. DE 2-1 at 2.

Thereafter, on November 1, 2006, Gamez deeded the subject property to "Jose Gamez and Humberto Lopez, both residing at 99 Jerusalem Avenue, Levittown, New York, as Tenants in Common each with 50% Interest." DE 2 at 128-30. In 2010, Lopez commenced a partition action against Gamez in New York State Supreme Court, Nassau County, which was resolved by a settlement agreement ("settlement agreement") that was placed on the record on April 16, 2015. *Id*. at 7-10. On August 22, 2017, Lopez filed an Order to Show Cause motion in New York State Supreme Court, Nassau County seeking *inter alia* additional terms and provisions to be added to the settlement agreement. *Id*. at 7-10. The motion was denied by Order dated November 21, 2017. *Id*. On July 29, 2020, Gamez commenced an action in New York State

Supreme Court, Nassau County seeking enforcement of the provisions of the settlement agreement. *Id*. at 11.  In that action, Gamez filed a summary judgment motion, which was denied by Order dated March 12, 2021. *Id*. at 11-12.  Gamez appealed the Order dated March 12, 2021 to the New York State Supreme Court, Appellate Division, Second Judicial Department ("Second Department"), which remains pending. *Id*. at 12.  The Second Department denied a stay of discovery during the pendency of the appeal. *Id*.

On December 23, 2021, Gamez filed a motion in the United States Bankruptcy Court for the Eastern District of New York to reopen the closed Chapter 7 bankruptcy case of Lopez.  In addition, Gamez moved for a stay of all state court proceedings and for the appointment of a Chapter 7 trustee to administer the subject property.  At a proceeding on January 25, 2022, the Bankruptcy Court adjourned the hearing on this matter to March 8, 2022 and directed that the former Chapter 7 trustee be given until March 1, 2022 to file notice with the Court as to whether he would administer the purported, undisclosed asset of the estate were the case to be reopened.[1] *Id.*  The Trustee did not file a notice. *Id.*

A hearing on the motion to reopen was conducted on March 8, 2022.  The Bankruptcy Court found no cause to reopen the case and denied appellant's motion, advising that an order consistent with the bench ruling would follow.  In doing so, the Bankruptcy Court stated:

> You all have been litigating this for 7 years in the state court.  Without a Chapter 7

---

[1] In adjourning the hearing, the Bankruptcy Court stated:

> [O]bviously, the Court doesn't know what has been going on for the last 16 years in this case or since it was closed or for the 7 to 12 years that there has been litigation between the parties in another forum.  It seems to the court the most practical approach rather than reopening and hearing a bunch of litigation that has been going on for a thousand years and then having get resulted nothing, I am going to wait to give Mr. Silverman the opportunity even though he has been discharged and is not presently the Chapter 7 trustee to take a look in this way and whether he would administer this asset or purported asset or not. . . . I think it is the more prudent use of the Courts and the party's resources to let Mr. Silverman take a look first and docket a letter indicating he would or would not administer this asset.

DE 3 at 4.

3

> trustee interest[ed] in administering the asset, there is no purpose served during all that litigation here. So, I am going to deny the motion to reopen. There is no cause under [Section] 350 to reopen this. This can continue in the state court and those will go wherever they go.

DE 3-1 at 4.

In an Order dated April 18, 2022, Judge Trust denied the motion to reopen the bankruptcy action, stating:

> Here, there is no suggestion that reopening the case is proper to afford relief to the Debtor (who opposes the Motion) or for any other cause. Most notably, reopening the case would not result in the administration of any asset for the benefit of the creditors of the estate.

*Id.* at 280.

Gamez now appeals.

## DISCUSSION

### A. Standard of Review

District Courts have appellate jurisdiction over "final judgments, orders, and decrees" of a bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). *See* 28 U.S.C. § 158(a)(1). A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree," or it may remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. On appeal, a district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *See In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007); *see also Odums, III v. Wells Fargo, N.A.*, No. CV 20-1100 (AMD), 2021 WL 918323, at *2 (E.D.N.Y. Mar. 10, 2021) ("On appeal, a district court reviews the legal conclusions of a bankruptcy court "*de novo*, and its factual findings for clear error.") (internal quotation marks and citations omitted).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

4

has been committed." *District Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (internal quotation marks and citations omitted). The clearly erroneous standard requires "strong deference" to "findings of fact based on credibility assessments of witnesses [the court] has heard testify." *In re Boyce*, 328 F. App'x 711, 716 (2d Cir. 2009) (internal quotation marks and citations omitted). Moreover, "[a]n appellate court cannot substitute its interpretation of the evidence for that of the trial court simply because the reviewing court might give the facts another construction [and] resolve the ambiguities differently." *In re Pisculli*, 426 B.R. 52, 68 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (alterations in original).

Finally, a Court reviews the Bankruptcy Court's discretionary matters for abuse of discretion. *See Boyce v. Citibank, N.A.*, No. 15-CV-07408 (JFB), 2017 WL 87066, at *4 (E.D.N.Y. Jan. 10, 2017) (collecting cases), *aff'd* 710 F. App'x 44 (2d Cir. 2018). In particular, "[a] bankruptcy judge's decision to grant or deny a motion to reopen . . . shall not be disturbed absent an abuse of discretion." *In re Channer*, 833 F. App'x 502, 504-05 (2d Cir. 2020) (quoting *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011)). "A bankruptcy court abuses its discretion only if it reaches a decision that (i) rests on an error of law or clearly erroneous factual findings or (ii) cannot be located within the range of permissible decisions." *Boyce,* 2017 WL 87066, at *4 (internal quotation marks and citations omitted); *see E.E.O.C. v. KarenKim, Inc.,* 698 F.3d 92, 99-100 (2d Cir. 2012).

**B. Appeal from the April 18, 2022 Order Denying the Motion to Reopen**

In his appeal, Gamez challenges the Bankruptcy Court's Order, dated April 18, 2022, denying his motion to reopen the closed Chapter 7 case pursuant to 11 U.S.C. § 350(b). *See* DE 5 at 1-2. Gamez contends that (i) the Bankruptcy Court should have ordered the reopening of the

5

closed Chapter 7 case to permit the Chapter 7 trustee to administer Lopez's undisclosed asset, to wit, the 50% interest in the subject property; and (ii) the bankruptcy automatic stay should have been reimposed pending the Chapter 7 trustee's administration of the undisclosed asset of Lopez. *Id.* at 2. For the reasons that follow, the Court finds that the Bankruptcy Court did not abuse its discretion in denying the motion to reopen the bankruptcy case.

A bankruptcy case that has been closed may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The Bankruptcy Code does not specify what constitutes 'other cause' to reopen a closed case; thus, the determination of whether a case should be reopened for other cause is committed to the 'broad discretion' of the bankruptcy court." *In re Navillus Tile, Inc.*, 634 B.R. 847, 858 (Bankr. S.D.N.Y. 2021) (quoting *In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997); *see In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (finding that the decision to reopen invokes the bankruptcy court's equitable powers, "which is dependent upon the facts and circumstances of each case"). In exercising its discretion, the court "ought to emphasize substance over technical considerations." *In re Stein*, 394 B.R. 13, 15 (Bankr. E.D.N.Y. 2008) (internal quotation marks and citation omitted). The movant bears the burden to demonstrate "other cause to reopen."[2] *In re Navillus Tile, Inc.*, 634 B.R. at 859 (internal quotation marks and citations omitted).

---

[2]In addition, the movant has the burden of establishing that he has standing to seek the ultimate relief requested. Federal Rule of Bankruptcy Procedure 5010 states, "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Bankruptcy Code." Neither the Code nor the Rules define "party in interest as it relates to Chapter 7 or Rule 5010. While the Second Circuit has yet to define the term "party in interest" as it applies to Rule 5010 specifically, a Northern District of New York case and other circuits' decisions are instructive. *See In re Riley*, No. 13-61356, 2017 WL 4334033, at *4 (Bankr. N.D.N.Y. Sept. 28, 2017) (holding that because the movant is not the debtor, a creditor, or a trustee, and never participated in the underlying bankruptcy, it lacked standing as a "party in interest" pursuant to Rule 5010 to bring this motion to reopen); *see Alexandria Consulting Group, LLC v. Alexandria Surveys Int'l LLC,* 589 F. App'x 126 (4th Cir. 2014) (per curiam) (because the movant was not "the debtor, the trustee, or a creditor" of the debtor, or a "participant in the original case," it lacked standing to reopen under Rule 5010 as a party in interest); *see also Goldenberg v. Deutsche Bank Nat'l Trust Co.*, 610 F. App'x 700, 700-01 (9th Cir. 2015) (holding that the enumerated list of "parties of interest" in Section 1109(b) (*e.g.* the debtor, trustee, a creditor) may guide a court in determining the scope of potential movants under Rule 5010 in a Chapter 7 bankruptcy, and in determining whether the movant "lacked a sufficient stake in [the debtor's] bankruptcy

In determining whether cause exists to reopen a case, a court may consider numerous factors and equitable concerns, including "(1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion." *In re Ramsoomair*, No. 21-11215 (DSJ), 2022 WL 828307, at *4 (Bankr. S.D.N.Y. Mar. 18, 2022) (citation omitted); *see In re Dicks*, 579 B.R. 704, 708 (Bankr. E.D.N.Y. 2017) (factors to consider include "(1) the benefit to the creditors; (2) the benefit to the debtor(s); (3) whether an adverse party will be prejudiced by reopening the case; (4) whether the debtor's failure to disclose was inadvertent; (5) the amount of time that has passed since the case was closed and; (6) indications of forum shopping or other inequitable conduct") (citations omitted). In addition, courts consider "the availability of relief in another forum [and] whether the estate has been fully administered." *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011).

The Court has considered these factors and equitable concerns as well as the facts and circumstances present in this closed bankruptcy case and finds that the Bankruptcy Court properly exercised its discretion in declining to reopen the Chapter 7 case of Lopez. First, as the Bankruptcy Court found, the length of time that the debtor's case has been closed weighs against reopening. *See In re Lowery*, 398 B.R. 512, 515-16 (Bankr. E.D.N.Y. 2008) ("As the time

---

proceeding"); *In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995) (holding that "party in interest" is "confined to debtors, creditors, or trustees, each with a particular and direct stake in reopening cognizable under the Bankruptcy Code"). Because appellant's standing to reopen the closed bankruptcy case turns on the reasons for reopening and the relief requested, the Court will consider this issue as it addresses the Bankruptcy Court's decision denying the motion to reopen. *See infra*.

between the closing of a bankruptcy case and its reopening increases, so must the cause for reopening increase in weight."). Here, the bankruptcy case was fully administered by the trustee, the trustee was discharged and the case was closed on January 25, 2006. The motion to reopen was filed on December 23, 2021. Nearly, sixteen years have elapsed between the closing of the case and the filing of the Motion to Reopen.[3]

More critically, as the Bankruptcy Court determined, reopening the bankruptcy case would not result in the administration of any asset for the benefit of the creditors of the estate. *See In re Arana*, 456 B.R. at 173 ("the prospect of a benefit to creditors is the most important consideration in determining whether to reopen a bankruptcy case to add an undisclosed asset"). Although Gamez claims that Lopez failed to list him as a creditor or a co-borrower on a mortgage debt[4] in the Schedule F filed with the bankruptcy petition, DE 5 and 7, there is no information or documentation in the bankruptcy record establishing that he was a creditor based on Lopez's ownership in a 50% interest in the subject property. To the contrary, the record shows that Lopez did not have an ownership interest in the subject property at the time he filed

---

[3] Gamez claims he first became aware of the bankruptcy filing when his attorney was preparing for a deposition of Lopez in Gamez's litigation to enforce the settlement agreement in Supreme Court, Nassau County. DE 2 at 22-23.

[4] Gamez's assertion that he is a creditor because he is a co-borrower on a mortgage debt is unavailing. Under the Bankruptcy Code, "in order to assert a 'claim' and be treated as a creditor, a claimant must have a 'right to payment' or a right to an 'equitable remedy.'" *In re Lehman Brothers Holdings Inc.*, 519 B.R. 47, 66 (Bankr. S.D.N.Y. 2014) (citations omitted), *aff'd* 548 B.R. 663 (S.D.N.Y.2026), *aff'd on other grounds*, 855 F.3d 459 (2d Cir. 2017). Moreover, "[a] claimant who asserts an equity interest is not a creditor and is not pursuing a claim under the Code." *Id*. (internal quotation marks and citations omitted); *see In re Pine Lake Vill. Apt. Co.*, 21 B.R. 478, 480 (Bankr. S.D.N.Y. 1982) (holding "an equity interest is not a claim against a debtor for which the equity holder may assert a right to payment"). Here, there is no record evidence or document reflecting that Gamez had a right to payment from Lopez. Reopening the Chapter 7 bankruptcy case sixteen years after its closing, at the behest of a non-participant party who seeks to have the Court administer an asset acquired by the debtor after the bankruptcy case was closed is contrary to any Chapter 7 objective. *See In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983) ("When interpreting the meaning of Code terms such as 'party in interest,' we are governed by the Code's purposes."); *In re Riley*, 2017 WL 4334033, at *4 ("The primary purpose of [C]hapter 7 bankruptcy is to liquidate estate assets and distribute the proceeds to creditors, under the supervision of the Court and without unsanctioned interference from creditors of the debtor."). Given that Gamez is not the debtor, a creditor, or a trustee, and never participated in the underlying bankruptcy, this Court finds an additional basis to affirm the Bankruptcy Court Order, *viz*., appellant lacks standing as a "party in interest" pursuant to Rule 5010 to bring this motion to reopen.

his bankruptcy petition. His bankruptcy case was closed on January 25, 2006, and it was not until over nine months later, on November 1, 2006, that Lopez received title to the subject premises when Gamez deeded the subject property to "Jose Gamez and Humberto Lopez, both residing at 99 Jerusalem Avenue, Levittown, New York, as Tenants in Common each with 50% Interest." *See In re Greene Avenue Restoration II Corp.*, 597 B. R. 202, 213 (Bankr. E.D.N.Y. 2019) ("Under New York law, [i]t is well settled that to effectuate a transfer of property there must be a delivery of the executed deed and acceptance by the grantee") (internal quotation marks and citation omitted). In short, given there is no evidence of an undisclosed asset that would benefit creditors, this factor weighs against reopening. *See In re Arana*, 456 B.R. at 173 (holding that "if creditors are not likely to benefit from the addition of an asset, the balance tips in the other direction, and relief may not be warranted").

Further, as the Bankruptcy Court observed for seven to twelve years there has been litigation between the parties concerning the subject property at issue which remains pending in another forum, namely New York State Supreme Court, Nassau County and New York State Supreme Court, Appellate Division. Significantly, the state court actions seek enforcement of a settlement agreement concerning the subject property between Gamez and Lopez that was placed on the record in a prior action in New York State Supreme Court, Nassau County. Inasmuch as Lopez's ownership in the property occurred after his Chapter 7 bankruptcy case closed, and there has been ongoing litigation in the state courts concerning the subject property since 2010, the Bankruptcy Court properly determined that the New York state courts were the more appropriate forum. Thus, the availability of relief in a nonbankruptcy forum weighs in favor of the Bankruptcy Court's decision not to reopen the closed bankruptcy case. *See In re HBLS, L.P.*, 468 B.R. 634, 640 (Bankr. S.D.N.Y. 2012) ("Courts routinely decline to exercise their discretion

9

to reopen bankruptcy cases where the parties are seeking or could seek relief in a competent alternative forum.").

Finally, as the Bankruptcy Court found, reopening the closed bankruptcy case would not afford relief to the debtor as he opposed the motion.

Accordingly, based on this record and the parties' submissions, the Court concludes that Judge Trust acted well within his discretion in denying appellant's motion to reopen. Indeed, Judge Trust applied considerable diligence, thoroughness and fairness to this matter. Thus, the Court has not been "left with the definite and firm conviction that a mistake has been committed," *District Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 610 F.3d at 51; rather, there is every reason to believe that Judge Trust got it just right.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court did not abuse its discretion in denying Gamez's motion to reopen. The Court affirms the decision of the Bankruptcy Court in all respects and dismisses the appeal. The Clerk of the Court shall enter judgment accordingly and close the case.

Dated: Central Islip, New York
   March 9, 2023

                 /s/ Gary R. Brown
                 GARY R. BROWN
                 United States District Judge